IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL TYRONE LYLE,                           :

    Petitioner                                 :

    v.                                         : Civil Action No. JFM-07-1250
                                                  Criminal Action No. JFM-02-395
UNITED STATES OF AMERICA                       :

    Respondent

oOo

**MEMORANDUM**

Pending is a pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence filed by Michael Tyrone Lyle, an inmate at the Federal Correctional Institution- Florence, Colorado. Preliminary review indicated the petition is time-barred. Lyle was granted thirty days to file a response addressing why the petition is subject to equitable tolling or is otherwise timely and has done so. Paper Nos. 17, 19 and 20.

On October 20, 2003, the court sentenced Lyle to 210 months incarceration after he pleaded guilty to conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. §846 and possession of a firearm in furtherance of a drug trafficking crime in violation of 19 U.S.C. § 924(c). On April 13, 2005, the court entered an amended judgment sentencing Lyle to a total term of 123 months incarceration. Lyle did not appeal. *See United States v. Lyle*, Criminal Action No. JFM-02-395 (D. Md.). Upon review of the pleadings filed in this matter, the court concludes that the instant motion is time-barred for the reasons set forth below.

On April 24, 1996 President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] into law. Among the changes made by this law was the addition of a one-year

statute of limitations in non-capital cases for person convicted in a federal court. 28 U.S.C. § 2255[1].

As petitioner did not file a direct appeal, his conviction became final on April 13, 2005. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir.2001). This action was not filed until May 14, 2007, more than one year after the limitations period provided in § 2255. Petitioner asserts that he should not be barred from filing the instant petition because in July, 2006, he learned that "Tyrell Fields' testimony to the Federal Grand Jury in the Henry Case #04-04-0004, about the Nov 9, 2000 shooting of Jason Torbit, Derrick Jones and Leon Worthington. Tyrell Fields testimony further confirmed my innocence for count 3 (18 U.S.C. 924(c)) of my indictment, for which I'm making an actual innocence claim my 28 U.S.C. 2255 motion, that I filed May 10, 2007." Paper No. 19. Lyle asks that the statute of limitations begin to run under 28 U.S.C. § 2255(4) from July, 2006, rather than on the date his conviction became final.

Lyle pled guilty to the offense. He has not alleged the discovery of any new facts concerning his case. Rather, Lyle claims that subsequent criminal proceedings involving other defendants

---

[1] This section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1)     the date on which the judgment of conviction became final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Movant was prevented from making a motion by such Governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

corroborate his innocence. He fails to demonstrate how these proceedings impact his claims for relief. Lyle claims he provided substantial assistance and was not guilty of violating 19 U.S.C. § 924(c). These claims allege facts of which he should already have been aware, and were available to him on the date he pleaded guilty.

Lyle has not triggered any extension to the limitations period, nor has he offered any basis for equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000) (finding that either wrongdoing by the opposing party or extraordinary circumstances beyond the moving party's control are required to justify equitable tolling).

In light of the foregoing, the motion shall be dismissed as time-barred. A separate Order follows.

_____   _____
Date                                                                J. Frederick Motz
                                                                          United States District Judge