**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MICHAEL TYRONE LYLE | : | |
| Petitioner | : | |
| v | : | Civil Action No. JFM-09-727 |
| | | Criminal No. JFM-02-395 |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

o0o

**MEMORANDUM**

On March 23, 2009, petitioner filed the above-captioned motion to vacate pursuant to 28 U.S.C. §2255. Paper No. 37. For the reasons that follow, the motion to vacate must be dismissed without prejudice for lack of jurisdiction.

Petitioner filed a motion to vacate in this case on May 14, 2007. Paper No. 16. The motion was denied on October 17, 2007.[1] Papers No. 21 and 22. The instant motion, therefore, represents a second or successive §2255 challenge to petitioner's conviction. As such, the motion may not be considered absent leave to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the

---

[1] Petitioner filed a second motion to vacate on September 4, 2008, which was dismissed without prejudice as successive on September 19, 2008. Paper Nos. 27, 29 and 30.

Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit. Consequently, this court may not consider the merits of his claim unless and until certification is obtained.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, the court shall provide petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this court may examine his claims. Since petitioner has failed to comply with the procedural requirements for a successive petition, his motion to vacate will be dismissed without prejudice by separate order.

Also pending is petitioner's motion to appoint counsel (Paper No. 28) which shall be denied. There is no general right to representation on collateral § 2255 review. Whenever the Court determines that *the interests of justice* so require, representation *may be* provided for any financially eligible person who is seeking relief under §§ 2241, 2254 or 2255 of title 28. *See* 18 U.S.C. § 3006A(a)(2)(B). This is similar to the standard applied in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1), wherein the determination to appoint counsel hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Petitioner is able to articulate his claims and in any event his claims cannot be examined in this forum.

Petitioner has also filed two motions for copy work. Paper Nos. 31 and 36. Petitioner seeks a copy of his first motion to vacate as well as a copy of the court's memorandum and order dismissing the motion as untimely filed so that he may seek leave to file a successive motion to

vacate. Petitioner states that he does not have copies of these papers. Paper No. 31. Petitioner's motion appears reasonable and shall be granted.

Petitioner also seeks copies of his sentencing transcripts. Paper No. 36. To the extent that petitioner is requesting transcripts from the court pursuant to 28 U.S.C. § 753 (f), filing a post-conviction motion to vacate, set aside or correct sentence is a precondition to an indigent petitioner requesting transcripts at court expense.[2] *See United States v. MacCollom*, 426 U.S. 317, 321-22 (1976), *United States v. Horvath*, 157 F.3d 131, 132 (2nd Cir. 1998). As petitioner's motion under 28 U.S.C. § 2255 is not properly before this court, he is not entitled to transcripts at public expense.[3]

A separate order follows.

March 31, 2009                                        /s/
Date                                                              J. Frederick Motz
                                                                   United States District Judge

---

[2]     28 U.S.C.§753(f) provides:
Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge...certifies that the suit...(1) is not frivolous and (2) that the transcript is needed to decide the issue presented by the suit or appeal.

[3] Further, defendant is not entitled to obtain documents at government expense absent a showing of a particularized need. *See United States. v. Shoaf*, 341 F.2d 832, 833-834 (4th Cir. 1964) (ruling there is no entitlement to free transcript merely for examination to determine whether to engage in litigation or to "comb the record in the hope of discovering some flaw"); *Bozeman v. U. S.*, 354 F. Supp. 1262 (E.D. Va. 1973) (holding federal prisoner must state claim of constitutional dimension which is neither frivolous on its face nor rendered moot under the law by other applicable doctrines, and must specify with clarity those portions of the proceedings questioned to permit an initial determination of relevance to be made by district court).